1   PHILLIP A. TALBERT
    Acting United States Attorney
2   CHRISTOPHER D. BAKER
    Assistant United States Attorney
3   4550 California Avenue, Suite 640
    Bakersfield, CA 93309
4   Telephone: (661) 489-6150
    Facsimile: (661) 489-6151
5

6   Attorneys for Plaintiff
    United States of America
7

8                          IN THE UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                  CASE NO. 5:21-MJ-00015-JLT

12                         Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                               TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                    v.                       [~~PROPOSED~~] FINDINGS AND ORDER

14  JOSE MARIO QUINTERO BELTRAN,               DATE: June 1, 2021
                                               TIME: 2:30 p.m.
15                         Defendant.          COURT: Hon. Jennifer L. Thurston

16

17          This case is set for a preliminary hearing on June 1, 2021. May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Under General Order 618, a judge "may exercise his or her authority to continue matters,

20  excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

21  on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

22  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

23  exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

24  counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

25  impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

26  General Orders were entered to address public health concerns related to COVID-19.

27          Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days

28  after initial appearance if the defendant is in custody," unless the defendant consents and there is a

                                                       1
        STIPULATION REGARDING EXCLUDABLE TIME
        PERIODS UNDER SPEEDY TRIAL ACT

"showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617 and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at \*7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for preliminary hearing on June 1, 2021.

2.      By this stipulation, defendant now moves to continue the preliminary hearing until **June 15, 2021, at 2:30 p.m.** and to exclude time between June 1, 2021, and June 15, 2021, under18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that initial discovery associated with this case consists primarily of reports, recordings and photographs, and the government provided the defendant with initial discovery on April 16, 2021, and invited defense counsel to arrange to inspect and copy additional materials.

b)      Counsel for defendant desires additional time to review the discovery, consult

1    with this client, conduct further investigation, and discuss a possible resolution with the

2    government.

3           c)      Counsel for defendant believes that failure to grant the above-requested

4    continuance would deny him the reasonable time necessary for effective preparation, taking into

5    account the exercise of due diligence.

6           d)      The government does not object to the continuance.

7           e)      Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later

8    than 14 days after initial appearance if the defendant is in custody," unless the defendant

9    consents and there is a "showing of good cause".  Here, the defendant consents and there is good

10   cause as set forth herein.

11          f)      In addition to the public health concerns cited by General Order 617 and

12   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

13   this case because counsel and other relevant individuals have been encouraged to telework and

14   minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

15   contact should the preliminary hearing proceed.

16          g)      Based on the above-stated findings, the ends of justice served by continuing the

17   case as requested outweigh the interest of the public and the defendant in an indictment or trial

18   within the original dates prescribed by the Speedy Trial Act.

19          h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

20   et seq., within which an indictment must be filed and within which a trial must commence, the

21   time period of June 1, 2021 to June 15, 2021, inclusive, is deemed excludable pursuant to 18

22   U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by

23   the Court at defendant's request on the basis of the Court's finding that the ends of justice served

24   by taking such action outweigh the best interest of the public and the defendant in a speedy

25   indictment/trial.

26          **[Remainder of page intentionally left blank.]**

27

28

1    4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which an

3  indictment must be filed and a trial must commence.

4        IT IS SO STIPULATED.

5

6

7   Dated:  May 17, 2021                    PHILLIP A. TALBERT
                                            Acting United States Attorney

8

9                                           /s/ CHRISTOPHER D. BAKER
                                            CHRISTOPHER D. BAKER
                                            Assistant United States Attorney

10

11

12  Dated:  May 17, 2021                    /s/ DAVID A. TORRES
                                            DAVID A. TORRES
                                            Counsel for Defendant
13                                          JOSE MARIO QUINTERO
                                            BELTRAN
14

15

16

17              [~~PROPOSED~~] FINDINGS AND ORDER

18        IT IS SO FOUND AND ORDERED this 18th day of May, 2021.

19
    IT IS SO ORDERED.
20

21     Dated:   **May 18, 2021**              _ **/s/ Jennifer L. Thurston**
                                            CHIEF UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28